1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   NORA NOEMI MARROQUIN                Case No. 5:25-cv-02367-FLA (JC)
     SALAZAR,
12                                       **ORDER ACCEPTING FINDINGS,**
                          Petitioner,    **CONCLUSIONS, AND**
13                                       **RECOMMENDATIONS OF UNITED**
              v.                         **STATES MAGISTRATE JUDGE**
14

15   KRISTI NOEM, *et al.*,

16                         Respondents.

17
18
19
20
21
22
23
24
25
26
27
28

1

1    Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition for Writ of

2    Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), Respondents' Answer, and

3    Petitioner's Reply, and all of the records herein, including the October 24, 2025

4    Report and Recommendation of United States Magistrate Judge ("Report") and

5    Petitioner's Objections to the Report and Recommendation ("Objections").  The court

6    has further conducted a *de novo* review of those portions of the Report and

7    Recommendation to which an objection has been made.

8        The Report recommends granting in part the Petition only to the extent

9    Petitioner seeks a bond determination hearing under 8 U.S.C. § 1226(a), and otherwise

10   denying the Petition.  Dkt. 10.  Petitioner's objections to the Report, Dkt. 11, do not

11   merit any change to the Report's findings or recommendations.

12       Petitioner objects that the Report erroneously deemed lawful the arrest of

13   Petitioner by immigration officers.  Dkt. 11 at 4–8.  On the contrary, the Report made

14   no findings, either explicit or implicit, about the lawfulness of Petitioner's arrest.

15   Instead, the Report found that "Petitioner's challenges to her arrest are not cognizable

16   in this action."  Dkt. 10 at 19.  Thus, even if it were assumed the arrest was unlawful,

17   it "would not entitle her to release from custody" because "the remedy for an unlawful

18   arrest is the suppression of evidence obtained therefrom, not release from custody."

19   *Id*. at 20.  Petitioner is "able to raise such challenges [to her arrest] in her

20   administrative proceedings and, should the matter reach that point, in a petition for

21   review in the Ninth Circuit[.]"  *Id*. at 24.

22       Petitioner objects that the Report misapplied the Fourth Amendment by making

23   the unsupported assumption that release is never an available habeas remedy in that

24   context.  Dkt. 11 at 8–9.  To the contrary, the Report's findings are supported by

25   Supreme Court and Ninth Circuit precedent.  As the Report recognized, the Supreme

26   Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal

27   or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if

28   it is conceded that an unlawful arrest, search, or interrogation occurred."  Dkt. 10 at 20

1    (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)).  "In essence, the Court

2    [in *Lopez-Mendoza*] declined to hold that the consequences of an illegal arrest, search,

3    or interrogation is to let the defendant go free because of the unlawfulness of the

4    arrest, search, or interrogation."  *United States v. Garcia-Beltran*, 443 F.3d 1126,

5    1132 (9th Cir. 2006).  Petitioner offers no persuasive argument for why these

6    authorities are not binding on this court.

7        The court approves and accepts the Report and Recommendation and overrules

8    the Petitioner's Objections.

9        IT IS HEREBY ORDERED that (1) Petitioner's motion to strike, request for

10    discovery, and request for an evidentiary hearing are DENIED; (2) the Petition is

11    GRANTED IN PART AND DENIED IN PART as follows: (a) Respondents are

12    ORDERED to provide Petitioner with a bond determination hearing under 8 U.S.C. §

13    1226(a) (and applicable regulations) within fourteen (14) days of entry of Judgment;

14    (b) the Petition is otherwise DENIED; and (3) Judgment shall be entered accordingly.

16        IT IS SO ORDERED.

18    Dated: December 8, 2025

19                        FERNANDO L. AENLLE-ROCHA
                          United States District Judge